585 P.2d 909

**The STATE of Arizona, Appellee,**

v.

**Bradley Walden HALL, Appellant.**

**No. 2 CA–CR 1482.**

Court of Appeals of Arizona,
Division 2.

Oct. 19, 1978.

John A. LaSota, Jr., Atty. Gen. by Philip G. Urry, Asst. Atty. Gen., Tucson, for appellee.

John M. Neis, Pima County Public Defender by Michael P. Roca, Asst. Public Defender, Tucson, for appellant.

## OPINION

PER CURIAM.

Pursuant to a plea agreement, appellant pled guilty to possession of a stolen motor vehicle under A.R.S. Sec. 13–672.01. The plea agreement specified the offense would be treated as a misdemeanor and appellant was placed on probation for two years. As a condition of probation, it was ordered that appellant be confined in the county jail for one year. The sole point raised on appeal is whether this condition was proper. We think it was not.

Under A.R.S. Sec. 13–672.01, possession of a stolen motor vehicle, if treated as a misdemeanor, is subject to a sentence of imprisonment in the county jail for not more than one year or to a fine of not more than $1,000, or both. A.R.S. Sec. 13–1657(A)(1) provides:

"The court may suspend the imposing of sentence in misdemeanor cases and may direct that the suspension continue for a period of up to two years, even though the maximum term of sentence which may be imposed is up to one year or less, and shall place such person on probation on such terms and conditions as the court determines under the charge and supervision of the probation officer of the court during such suspension. The conditions imposed for a misdemeanor may include incarceration in the county jail for a specified period not to exceed one-half of the maximum time allowed for the offense or a fine not exceeding the amount of fine authorized for the offense."

Appellant agrees that the court's order suspending the imposition of sentence for two years is consistent with the statute. However, he argues that the requirement of one year in the county jail is contrary to the terms of the statute. We agree. The statute refers to the one-year incarceration in the county jail as being the maximum time allowed for the offense. The maximum time of incarceration as a condition of probation would be six months. We have reviewed the entire record before us and have found no other error.

The confinement in the county jail is modified to a term of six months, and the judgment and sentence as modified are affirmed.